IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DYMOND THOMAS,
        Plaintiff

vs.

U.S. DEPARTMENT OF
HOMELAND SECURITY,
HOMELAND SECURITY
INVESTIGATIONS, UNITED
STATES OF AMERICA;
ALEJANDRO N. MAYORKAS-
Secretary of the Department of
Homeland Security; Benjamin
Bain-Creed - Assistant U.S. Attorney,
Seth Johnson - Assistant Attorney;
Dena J. King - U.S. Attorney for the
Western District of North Carolina;
Daniel Leal - Special Agent of
Homeland Security; Jonathan
Cerden - HSI Task Force Officer;
Gregory Altizer - HSI Task Force
Officer,
        Defendants,

COMPLAINT

Civil No.: 3:24-cv-916-GCM

JURY TRIAL DEMANDED

AND NOW COMES, DYMOND THOMAS, PLAINTIFF in the above-captioned matter pursuant to 42 U.S.C. § 1983 files the instant civil action to redress the deprivation, under color of law, of rights secured by the Constitution of the United States.

## JURISDICTION & VENUE

This Court has jurisdiction under 28 U.S.C. § 1331 and 1343(a)(3).

The Western District of North Carolina is the appropriate venue under 28 U.S.C. § 1391(b)(2) because it is where the events giving rise to this claim occurred.

## PLAINTIFF

Dymond Thomas - Plaintiff, is the injured innocent property owner in the above-captioned matter.

Plaintiff Dymond Thomas is a Pro Se litigant and is held to less stringent standards than formal pleadings drafted by attorneys. "The United States Supreme Court holds allegations of a Pro Se complaint to less stringent standards than formal pleadings drafted by lawyers". Haines v. Kerner, 30 LED2D 652, 404 US 519.

## DEFENDANTS

Alejandro N. Mayorkas - Secretary of the Department of Homeland Security. Mayorkas is legally responsible for the operations and policies of the Department of Homeland Security. Sued in his individual and official capacity.

Benjamin Bain-Creed - U.S. Attorney. Bain-Creed is legally responsible by oath for upholding the United States Constitution and truth and justice. Sued in his individual and official capacity.

Seth Johnson - Assistant U.S. Attorney. Johnson is legally responsible by oath for upholding the United States Constitution and truth and justice. Sued in his individual and official capacity.

Dena J. King - U.S. Attorney for the Western District of North Carolina. King is responsible by oath for upholding the United States Constitution and truth and justice. Sued in her individual and official capacity.

Daniel Leal - Special Agent of Homeland Security. Leal is responsible for thoroughly investigating fraudulent activities while upholding the United States Constitution and truth and justice and where no fraud or illegal activity exists to take appropriate action. Sued in his individual and official capacity.

Jonathan Cerdan - HSI Task Force Officer. Cerdan is responsible for driving policy and implementation plans across DHS's missions. Sued in his individual and official capacity.

Gregory Altizer - HSI Task Force Officer. Altizer is responsible for driving policy and implementation plans across DHS's missions. Sued in his individual and official capacity.

## BRIEF HISTORY OF THE CASE

On April 6, 2022, Homeland Security Investigations (HSI) seized $44,875 in United States currency from Plaintiff Dymond Thomas at Charlotte-Douglas International Airport during an interdiction operation.

Based on the alleged information developed during the seizure, the U.S. Customs and Border Protection (who handles the administrative side of HSI cases) initiated an administrative forfeiture against the Currency, and sent notice to Thomas on May 9, 2022.

On June 9, 2022, CBP received a petition from Thomas, electing to have the forfeiture first determined administratively by CPB.

On July 26, 2022, Thomas' counsel sent a letter to CBP declaring that "he has now hired me to file a second claim" and requesting that the matter be referred to the United States Attorney's office. Thomas was the only claimant to the currency.

It wasn't until December of 2023, approximately 20 months later, that the U.S. Attorney after numerous filings by Thomas, admitted that there was no evidence of any criminal action associated with the seized currency and released the said currency back to Thomas.

Due to the Governments seizure of Thomas' currency, Thomas has suffered significant injury as will be shown supra.

## STATEMENT OF THE CASE

The purpose of 42 U.S.C. § 1983 is to compensate a party for injuries caused by the deprivation of a constitutional right.

The United States is a nation built on the premise that individuals and their rights -prominently property rights- come first, and government and its powers come second.

Thomas, has been saving his life savings in order to relocate to California to pursue his entrepreneurial dream of breeding dogs and owning his own dog kennel. This was his intent of his trip to California. Thomas has kept his life savings in cash most of his life. Thomas carried his life savings with him on his trip because he was at the time living with his elderly grandparents and did not trust leaving that much money behind with his grandparents and also Thomas may have needed said money immediately for his entrepreneurial pursuits.

Thomas' flight from Orlando, Florido to Charlotte, North Carolina was uneventful even though he had the currency in his possession at all times. It wasn't until Thomas arrived at the Charlotte Airport that his money was seized, albeit no arrest of Thomas was instituted and Thomas was permitted to board his flight to California.

Thomas attempted numerous times to contact HSI but was ignored as if he was some type of criminal. This entire seizure of currency was based on no less than racial profiling and drug dealer profiling as to assume that just because Thomas is African-American, has a large sum of his own currency on him, makes frequent trips and travels to California, the government assumed the currency is related to criminal activity. The government found no evidence to support that Thomas' seized currency had any link to criminal activity and therefore returned Thomas' currency 20 months post-seizure causing Thomas significant injury.

## SUSTAINED INJURY

The United States Supreme Court has expressly rejected the notion that Section 1983 authorizes an award of compensatory damages based on the fact-finder's assessment of the value or importance of the substantive constitutional right which has been violated. Memphis Cmty. Sch. Dist. v. Stachura, 477 U.S. 299, 308 (1986).

The following is a list, that include but are not limited to, of compensatory damages/injury sustained due to the 20 month seizure of Thomas' $44,875.

1. Impairment of reputation, personal humiliation.
2. Financial Injury.
3. Psychological injury.
4. Out-of-pocket losses.
5. Loss of residence resulting in homelessness. (See Exhibit A).
6. Investment opportunities.

Wherefore, due to the sustained injurie(s) that Thomas has suffered due to the government's unconstitutional seizure of his life savings of $44,875, Thomas is seeking not less than $500,000 or any relief the jury deems appropriate.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Dymond Thomas hereby demands trial by jury in this action for all issues so triable.

Date: 10-15-2024

Respectfully submitted,

*Dymond Thomas*

Dymond Thomas
Plaintiff - Pro Se
419 Cedar Street
Chambersburg, PA 17202
dymondthomas55@gmail.com

## VERIFICATION

I declare under penalty of perjury that the factual information contained in the foregoing Complaint is true and correct according to the best of my knowledge, information and belief.

Date: 10-15-2024

Dymond Thomas

Dymond Thomas

Plaintiff - Pro Se

419 Cedar Street

Chambersburg, PA 17202

## CERTIFICATE OF SERVICE

I, Dymond Thomas, hereby certify that a true and correct copy of this
Complaint was served on this day via first-class mail to the following:

J. Seth Johnson
Assistant United States Attorney
Suite 1650, Carillon Building
227 West Trade Street
Charlotte, NC 28202

Daniel Leal
Special Agent of Homeland Security
3700 Arco Corporate Drive
Suite 300
Charlotte, NC 28273

Benjamin Bain-Creed
Assistant United States Attorney
Suite 1650, Carillon Building
227 West Trade Street
Charlotte, NC 28202

Dena J. King
U.S. Attorney
Western District of North Carolina
Suite 1650, Carillon Building
227 West Trade Street
Charlotte, NC 28202

Alejandro Mayorkas
Office of the Executive Secretary
MS 0525 Department of Homeland Security
2707 Martin Luther King Jr Ave SE
Washington, DC 20528-0525

Jonathan Cerdan

HSI Task Force Officer

3700 Arco Corporation Drive

Suite 300

Charlotte, NC 28273


Gregory Altizer

HSI Task Force Officer

3700 Arco Corporation Drive

Suite 300

Charlotte, NC 28273


*Dymond Thomas*

Dymond Thomas

Plaintiff Pro Se

419 Cedar Street

Chambersburg, PA 17202